In re John Joseph BARRAL, Debtor.

**CHICAGO TITLE INSURANCE CO., Plaintiff-Appellant,**

v.

**John Joseph BARRAL, Defendant.**

**No. 93 Civ. 432.**
**No. 90–B–20841 (HS) 93.**
**Adv. No. 90–6186A.**

United States District Court,
S.D. New York.

April 14, 1993.

See also 139 B.R. 789.

Laurence S. Margolin, Dreyer & Traub, New York City, for plaintiff-appellant.

Wayne K. Gabel, Ossing, NY, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This bankruptcy appeal challenges a ruling by United States Bankruptcy Judge Howard Schwartzberg declining to find that intentional fraud was perpetrated by the debtor against Citibank when Citibank granted a loan and mortgage without receiving disclosure by the debtor of an immediately prior loan and mortgage involving another bank and the same property. The debtor asserts that both loans were negotiated as a package by a broker. he believed was a Citibank agent, and that he believed Citibank to have been fully aware of all relevant circumstances. Chicago Title Insurance Co. has succeeded to Citibank's interests and sought declaratory judgment that the debtor's obligations to Citibank were nondischargeable.

Judge Schwartzberg found that the evidence as a whole failed to establish fraudulent intent on the part of the debtor. R. 104–05, quoted in Plaintiff-Appellant Chicago Title Insurance Company's Brief, Dkt. 6, at 4:

> I find that ... Citibank did advance a $500,000 loan to the debtor with regard to this property and he then also obtained a $2,075,000 loan from Prudential. And the loan was obtained through this broker named Ray when Citibank would only go as far as $500,000 and Ray then said he would arrange to get the difference from another source and it came from Prudential. The debtor signed the documents with regard to the transaction. It appears that the transaction was for the purpose of obtaining over two million dollars for this property. And evidently it was done in two bites but apparently Citibank was unaware of the fact that Prudential was going to advance two million dollars in this transaction. However, I find that there is no evidence that the debtor intended to deceive Citibank. I find that Citibank and

the assignee in this case is Chicago Title. Chicago Title had failed to establish by preponderance of the evidence the requisite element of intent to deceive. Papers were signed and it seems to have been a two step transaction and there is no evidence of an intent to deceive other than that Citibank was not informed. Somebody slipped up in this transaction but [that] doesn't necessarily constitute fraud.

Accordingly, the Bankruptcy Judge held the debt involved dischargeable pursuant to 11 U.S.C. § 523(a)(2), a result this appeal seeks to overturn.

I affirm Judge Schwartzberg's ruling.

## II

The Bankruptcy Judge's findings of fact must be accepted if not clearly erroneous. Fed.R.Bankr.P. 8013; see *In re Ionosphere Clubs*, 922 F.2d 984, 988–89 (2d Cir.1990), *cert. denied,* — U.S. —, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991). Factual evaluations of evidence at the trial level involving application of a legal standard should be respected unless clearly erroneous. *Inwood Laboratories v. Ives Laboratories*, 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982); *Icicle Seafoods v. Worthington*, 475 U.S. 709, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986); *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Findings as to fraudulent intent are peculiarly fact-intensive and an affirmative finding can rarely be made as a matter of law. See *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir.1970)

(agreed undisputed facts from which fraudulent intent might but need not be inferred, insufficient by themselves to permit, much less require, finding of actual fraudulent intent).

Submission of erroneous documents can support a finding of fraudulent intent under proper circumstances.[1] Courts are vigilant in assuring that inferences of evil intent not be drawn where the evidence does not permit a reasonable inference that more than mistake or misunderstanding was involved.[2] Such an inference could only rarely be predicated, in any given case, on the mere fact that an erroneous document or other communication was transmitted. See *United States v. Siddiqi*, 959 F.2d 1167 (2d Cir.1992) (health professional not a computer expert made data entry yielding improper governmental medical payment). An affirmative finding of fraudulent intent can only be made based on all the circumstances.[3]

A finding of failure to establish fraudulent intent may result from implausibility of the position of the proponent of the finding when evaluated in light of all the evidence. Deference is due the factfinder in this context as well as in others. See Advisory Committee Notes to 1985 amendment to Rule 56 (referring to district courts but relevant by analogy).

A factfinder may also decline to make an affirmative finding of fraudulent intent because of weakness in the credibility of the witnesses asserting the fraud, or because of circumstances from which lack of credibility might be inferred.[4]

---

1. See, e.g., *United States v. Campbell*, 351 F.2d 336 (2d Cir.1965), *cert. denied,* 383 U.S. 907, 86 S.Ct. 884, 15 L.Ed.2d 662 (1966) (incorrect and inconsistent statements to United States and Canada as to residence for tax purposes).

2. See *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); see also generally *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); *United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978).

3. See *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 707, 82 S.Ct. 1404,

1415, 8 L.Ed.2d 777 (1962); *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954) (income tax prosecution upheld based on unexplained large net worth of taxpayer); Tushnet, "Book Review," 82 Colum.L.Rev. 1531, 1536–39 (1982) (discussing errors flowing from "disaggregation" of fact patterns).

4. Absence of credibility can at times permit a factfinder to conclude that the opposite of what the witness claims is the fact. See *United States v. Zafiro*, 945 F.2d 881 (7th Cir.1991), *aff'd,* — U.S. —, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

Evaluation of credibility is peculiarly a matter for the factfinder, who in evaluating testimonial evidence is in a position to consider demeanor. A factfinder might believe or disbelieve this testimony. In a case such as that at bar, if the factfinder determines that there is insufficient proof of bad faith, then whether the broker involved was or was not actually an agent for the lender is irrelevant to the issue of intent to defraud.

SO ORDERED.