In re Robert H. JONES, III, Debtor.

William Melancon, Plaintiff,

v.

Robert H. Jones, III, Defendant.

Bankruptcy No. 01–45426.
Adversary No. 02–04233.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

March 28, 2003.

Robert H. Jones, III, Plano, TX, Pro Se.

Lee Ann Copeland Marsh, Irving, TX, for Debtor.

Kenneth Thomas, Carrollton, TX, for Trustee.

William L. Melancon, Lafayette, LA, Pro Se.

## OPINION

DONALD R. SHARP, Chief Judge.

NOW before the Court is Plaintiff's Motion to Amend the Record and Motion for Reconsideration of his Summary Judgment Motion (the "Motion") filed by William Melancon, the Plaintiff in this adversary proceeding. This opinion constitutes the Court's findings of fact and conclusions of law and disposes of the Motion for Reconsideration before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert H. Jones, III, the Debtor in this bankruptcy case and Defendant in this adversary proceeding (the "Debtor") filed his voluntary petition on December 28, 2002. On April 12, 2002, William Melancon, Plaintiff herein (the "Plaintiff" or "Melancon"), filed the Objection To Discharge initiating this Adversary proceeding and objecting to the Discharge of the Debtor under 11 U.S.C. §§ 727(a)(2) and (a)(4)(A). In addition, Plaintiff avers the Court may find grounds under 727(a)(3),(4), (5) and (6) to refuse this Debtor a discharge. Alternatively, Plaintiff argues any Debtor's indebtedness to Plaintiff should be declared non-dischargeable under 11 U.S.C. § 523(a). The relationship between the parties stretches back nearly a decade, the greater portion of which has been contentious.

Debtor hired Plaintiff in 1994 to provide legal services. Plaintiff assisted the Debtor in obtaining two U.S. patents for cryogenic technology (U.S. Patents Numbers 5,520,004 and 5,715,688). Debtor fired Plaintiff in 1998. At that time, the Debtor owed Plaintiff approximately $240,000 in legal fees and expenses. Unsuccessful demand led to a successful suit against the Debtor: judgment was rendered in Plaintiff's favor in the amount of $330,000, in Case Number 98–2390 by the Louisiana 15th Judicial District Court. The Debtor scheduled the judgment in his Schedules and Statement of Financial Affairs. During the litigation, the Louisiana Court issued a temporary restraining order and a preliminary injunction preventing Mr. Jones from transferring any intellectual property owned or formerly owned by him, including the above referenced U.S. patents. The Louisiana Court awarded the Plaintiff, in addition to the aforementioned judgment, a writ of attachment on the two patents.

The Plaintiff alleges that a discharge in bankruptcy should be denied to this Debtor on the grounds that this Debtor has engaged in both pre- and post-bankruptcy attempts to conceal his assets. One such attempt alleged is the transfer of the patents from the Debtor to an entity identified as Q Research Systems, Inc., a wholly owned limited liability company created by the Debtor. The alleged conveyance is the subject of a fraudulent conveyance action filed in Harris County, Texas. After a number of continuances and eleventh hour settlement attempts, on the day prior to a scheduled deposition, the Debtor filed his first bankruptcy. The case was filed as a Chapter 13 and dismissed after it was determined that the Debtor was not eligible for relief under Chapter 13 because of the debt ceilings imposed by the Bankruptcy Code. Melancon opines, also, that the Debtor was ineligible because he had no regular income.

Melancon filed a Motion for Summary Judgment on September 24, 2002, as amended on October 30, 2002. It sought an order granting summary judgment respecting the § 727(a)(2) and (a)(4)(A) allegations in the Complaint. The Complaint invokes objections under §§ 727(a)(3),(4), (5) and (6) as well and a § 523(2)(A) exception to the discharge of the particular debt

owed Melancon. Melancon's Motion For Summary Judgment did not encompass his § 523 cause of action, although the effect of a favorable ruling under § 727 moots the § 523 issues. A party-in-interest, Ken Thomas, filed an Objection and Response to the Motion for Summary Judgment to which Melancon responded. Thomas filed the Objection on his own behalf and that of certain other parties-in-interest—but not on behalf of the Debtor. The Debtor wholly failed to object or respond to the summary judgment motion. As is the cus-

tom in this Court, no oral argument was taken at the summary judgment hearing. The Court ruled orally from the bench at the hearing denying Melancon summary judgment relief despite Debtor's default but based upon the evidence before the Court.

This Court determined that, despite Jones failure to respond to the Motion, default judgment and/or summary judgment were not appropriate in this matter based upon the evidence attached to the Motion For Summary Judgment.[1] The

1. Summary Judgment is appropriate in bankruptcy proceedings when there is no genuine issue of material fact and moving party is entitled to judgment as a matter of law. *In re McCafferty*, 96 F.3d 192. The burden of establishing the nonexistence of a "genuine issue" is on the party moving for Summary Judgment. *Celotex*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). One cannot rest on the mere allegations of the pleadings. In *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Court held that (1) only disputes over facts that might legitimately effect the outcome are material under Rule 56; (2) the test for determining whether a genuine issue of material fact exists is the same as the test for granting a directed verdict (i.e. whether the evidence is sufficient to sustain a verdict for the non-moving party); and (3) in applying the test the court must view the evidence in the light most favorable to the non-movant and assess its sufficiency according to the evidentiary burden imposed by the controlling substantive law. However, under Rule 56(e), the burden shifts. Rule 56(e) requires the opposing party to "set forth specific facts" that demonstrate the existence of a genuine issue for trial.

Local Rule of Bankruptcy Procedure 7056 "Summary Judgments" states that Local District Rule CV–56 applies in adversary proceedings. Rule CV–56 provides:

Summary Judgment Procedure.

(a) Any party moving for summary judgment should identify both the legal and factual basis for its motion. The text of the motion or an appendix thereto must include a "Statement of Material Facts." If the movant relies upon evidence to support its motion, the motion should include appropriate citations to proper summary judg-

ment evidence as to which the moving party contends there is no genuine issue of material fact for trial. Proper summary judgment evidence should be attached to the motion in accordance with section (d) of this rule.

(b) Any party opposing the motion should serve and file a response that includes in the text of the response or as an appendix thereto, a "Statement of Genuine Issues." The response should be supported by appropriate citations to proper Rule CV–56 summary judgment evidence as to which it is contended that a genuine issue of material fact exists. Proper summary judgment evidence should be attached to the response in accordance with the procedure contained in section (d) of this rule.

(c) **In resolving the motion for summary judgment, the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by proper summary judgment evidence.** The Court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.

(d) As used within this rule, "proper summary judgment evidence" means excerpted copies of pleadings, depositions, answers to interrogatories, admissions, affidavits, and other admissible evidence cited in the motion for summary judgment or the response thereto. The phrase "appropriate citations" means that any excerpted evidentiary

Court may only grant summary judgment if the evidence attached to support the Motion For Summary Judgment is "proper summary judgment evidence", "excerpted copies of pleadings, depositions, answers to interrogatories, admissions, affidavits, and other admissible evidence". The evidence, as originally presented to this Court, failed as proper summary judgment evidence. An order was entered on January 14, 2003.

■ On January 24, 2003, Melancon filed his Plaintiff's Motion To Amend the Record and Motion For Reconsideration of his Summary Judgment Motion. The Amendment was sought not to add new evidence but to "conform" the evidence already filed in the record. In particular, Plaintiff provided certified or authenticated copies of documents that were previously submitted to the Court in the form of the photocopies that had failed to meet the evidentiary burden. The certificate of service indicates Debtor was served by mail on January 23, 2003. Following 56 calendar days or 39 business days, the Debtor filed a response to the Motion To Amend in the form of a Motion For Delay In Responding And Objections To Melancon's Revised Motion For Summary Judgment seeking an extension of the time within which to respond to the Motion To Amend

for an unspecified period of time. The attachments to the request pertain to the Debtor's request for an extension; they do not include any rebuttal evidence pertinent to the allegations or affidavits of denial. A motion to amend a judgment is governed by Federal Rule of Civil Procedure 59. Under Fed.R.Civ.P. 59(c) a party opposing the relief is provided a period of ten days within which to file opposing affidavits. That period may be extended by the Court "for up to 20 days". *Fed.R.Civ.P. 59(c)*. Accordingly, this Court concludes that the Debtor has defaulted in answering the Motion To Amend.

Melancon argued that he was entitled to summary judgment as a matter of law under § 727(a)(4)(A) based upon "Jones' less than candid responses in his original and amended bankruptcy schedules" and because of transfers of assets by Jones to hinder Melancon's collection efforts, including attachment of the patents.[2]

■ Under Rule 4005 of the Federal Rules of Bankruptcy Procedure, the burden of proof is on the party objecting to the discharge. Moreover, 11 U.S.C. § 727 is to be construed liberally in favor of the debtor and strictly against the creditor in furtherance of the "fresh start" policy. *E.g., see In re Adlman*, 541 F.2d 999, 1003

---

materials that are attached to the motion or the response should be referred to by page and, if possible, by line. Any attached evidentiary materials should have the cited portions highlighted in the copy provided to the Court, unless the citation encompasses the entire page. The page preceding and following a highlighted page may be submitted if necessary to place the highlighted material in its proper context. Only relevant, cited-to excerpts of evidentiary materials should be attached to the motion or the response. [Effective October 27, 1997.] *Rule CV–56.*

**2.** 11 U.S.C. § 727(a)(4)(A) provides that the Court shall grant the debtor a discharge, unless—the debtor knowingly and fraudulently,

in or in connection with the case—(A) made a false oath or account. 11 U.S.C. § 727(a)(2) limits a debtor's discharge:11 U.S.C. § 727 provides: (a) The court shall grant the debtor a discharge, unless—[. . .]

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition; . . .

*11 U.S.C. § 727(a)(2).*

(2nd Cir.1976). "In order for a debtor to be denied a discharge under § 727(a)(2)(A), the objector to the discharge must demonstrate by a preponderance of the evidence that the debtor (1) transferred, removed, concealed, destroyed or mutilated, (2) property of the estate, (3) within one year prior to the bankruptcy filing, (4) with the intent to hinder, delay or defraud a creditor." *In re Brown,* 108 F.3d 1290, 1293 (10th Cir.1997). Additionally, Congress chose the preponderance standard to govern determinations under 11 U.S.C. § 727(a)(4), which denies a debtor the right to discharge altogether if the debtor has committed a fraud on the bankruptcy court. *See H.R.Rep. No. 95–595, p. 384 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6340* ("The fourth ground for denial of discharge is the commission of a bankruptcy crime, though the standard of proof is preponderance of the evidence"); *S.Rep. No. 95–989, p. 98 (1978), U.S.Code Cong. & Admin.News 1978, p. 5884.* [Note: The standard of proof for allegations under § 523, like that of allegations brought under § 727, is by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991); *In re Townsley,* 195 B.R. 54 (Bkrtcy.E.D.Tex.1996).] Should an objecting party establish a prima facie case based upon the grounds recited under § 727, the burden shifts to the debtor. *In re Hawley,* 51 F.3d 246, 249 (11th Cir. 1995); *In re Townsley,* 195 B.R. 54, 64–65 (Bkrtcy.E.D.Tex.1996).

 The period of time to be scrutinized under § 727(a)(2)(A) is the one year period preceding the filing of the petition on December 28, 2001. Melancon may not reach back to the filing of the prior bankruptcy petition by Jones, because of the effect of the dismissal of that proceeding, which was to nullify it.[3] Thus, objections to the *Dations En Paiement,* transactions alleged to have occurred December 17, 2000 fall just outside of the look-back period for purposes of § 727 (unless the Court were to toll the lookback period for the term of the Chapter 13). Neither is it pertinent for purposes of such action whether these transactions made the Debtor insolvent. However, although the transactions identified by Melancon as having taken place on August 29 and August 30, 2001 may substantiate Melancon's allegations under the Complaint, *alone* they cannot meet the burden necessary for § 727(a). For purposes of § 727(a), Melancon must demonstrate by a preponderance of the evidence standard that such transfers were executed with the requisite nefarious "intent" to hinder, delay or defraud his creditor(s). The Court originally found that the Debtor's pattern of behaviour at best created a suspicion or indicia of the requisite intent and decided that suspicion does not satisfy the evidentiary hurtle over which Plaintiff must sail for summary judgment on a § 727 allegation. "Findings as to fraudulent intent are peculiarly fact-intensive and as an affirmative finding can rarely be made as a matter of law." *In re Barral,* 153 B.R. 15, 17 (S.D.N.Y. 1993), aff'd, 17 F.3d 1426 (2d Cir.1994). *In re Bidermann Industries U.S.A., Inc.,* 241 B.R. 76, 91 (Bankr.S.D.N.Y.1999).[4] The

---

**3.** "The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.' *In re Piper Aircraft Distrib. Sys. Antitrust Litig.,* 551 F.2d 213, 219 (8th Cir.1977). The jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim. See *Safeguard Business Sys., Inc. v. Hoeffel,* 907 F.2d 861, 864 (8th Cir.1990)." *Smith v. Dowden,* 47 F.3d 940, 943 (8th Cir.1995).

**4.** Similarly: a bankruptcy court's determination of whether a party acted willfully and maliciously inherently involves inquiry into

Bankruptcy Court opined at the initial hearing on the Motion For Summary Judgment that the required burden is a difficult one to meet under any circumstance, but particularly so on a motion for summary judgment where the challenge is whether the non-moving party could bring forward at trial any material fact that could result in a verdict in favor of that party. Moreover, the Court concluded, under the Bankruptcy Code, the bare act of the transfer is insufficient to satisfy the requirement of § 727(a). Thus, in its original ruling from the bench, the Court found the transfers had occurred and that Melancon would not be required to prove either that issue, the granting of the original, underlying judgment of the Louisiana Court or the amount of the Louisiana judgment. The issues remaining at the conclusion of the first summary judgment ruling were whether the debt is nondischargeable under § 523 and the § 727 issues of intent to hinder creditors and knowingly making false oaths, remained to be proven at trial.

 This Bankruptcy Court, as is required, examined the evidence attached to the original Motion For Summary Judgment in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Most of the 30 attached documents offered into evidence originally were inadmissible for lack of authentication, certification or relevance. Under cover of the Motion To Amend and Motion For Reconsideration now before the Court, however, the Plaintiff has authenticated those documents and the Court must scrutinize the transfers (i.e. the asset transfers the Court found had occurred during the statutory lookback period contemplated under the Code) in light of the

Debtor's defaults, admissions and errors made in his originally filed Schedules and Statement of Financial Affairs ("SASFA").

Attached as evidence to the Motion To Amend the Record are thirty additional exhibits to the Motion For Summary Judgment. The Court is able to ascertain from same that the Debtor, in his individual capacity, did not own the patents at the time of the filing of his bankruptcy petition, schedules and statement of financial affairs, but had assigned the patents which are the subject of the dispute to a corporate entity. The documents indicate that the transfer took place outside of the scope of the lookback period, but that ownership of the corporate entity was not listed on the Debtor's originally filed Schedules and Statement of Financial Affairs ("SASFA") either as a corporation in good standing or a defunct corporation. The evidence indicates that the Debtor's Amended Schedules and Statement of Financial Affairs filed in March, 2002, prior to the filing of the Complaint initiating this Adversary Proceeding, correct the misinformation in the original SASFA. The value of the patents claimed as exempt in the original SASFA is $9,550. The value in the Amended SASFA is listed as zero with the value attributed to the corporate shares given as $9,550. The market value of the patents in December, 2001 was listed as $50,000. The market value as amended was reduced to zero on the patents and $10,000 on the corporate stock shares. In May, 2002, the values were amended for the second time to "unknown". The second Amended Schedules B & C were executed on or about May 23, 2002. Exhibit 11 is a certified copy of the Disclaimer of Interest in the subject patents executed by the Debtor and also by the corporate enti-

and finding of intent, which is a question of fact. See *First Nat'l Bank v. Phillips (In re*

*Phillips),* 882 F.2d 302, 305 (8th Cir.1989). *In re Waugh,* 95 F.3d 706, 710 (8th Cir.1996).

ty on May 22, 2002.[5] The disclaimers do not attempt to transfer the interest or attribute ownership rights to any other entity, including the Debtor's bankruptcy estate or bankruptcy trustee. However, the facts in this case recall similar facts in *In re Park*, 246 B.R. 837 (Bkrtcy.E.D.Tex. 2000), a case regarding exemptions, in which this Court concluded that the Debtor's blatant dishonesty in preparing his schedules implied an attempt to hinder the Trustee's administration of assets of the estate and any distribution to creditors. The debtor is required to file comprehensive schedules of creditors, assets and liabilities, current income and expenditures, and a statement of financial affairs, § 521(1), either with the petition or within 15 days thereafter, unless the time is extended for cause shown, Bankruptcy Rule 1007(c). *In re Timbers of Inwood Forest Assoc., Ltd.*, 793 F.2d 1380, 1409 (5th Cir. 1986).[6] The obligation is strict and the law requires such schedules to be as complete and accurate as possible. The burden is on the debtors to complete their schedules accurately. *In re Faden*, 96 F.3d 792 (5th Cir.1996) [*reh. denied*] citing to *Matter of Springer*, 127 B.R. 702, 707 (Bankr. M.D.Fla.1991). In this matter, as in the *In re Park* case, the Court cannot impute any level of accuracy or truth to the Debtor's SASFA. The Court concludes that the Debtor has filed whatever appeared to him as being in his best interest as the case developed. *In re Park, supra* at 841 *citing to In re Talmo*, 185 B.R. 637 (Bankr.S.D.Fla.1995). Given the transfers, the admissions, the Debtor's errors or misinformation in his sworn SASFA and the Debtor's two defaults in answering pleadings, Melancon has carried his burden by a preponderance of the evidence that this Debtor has dishonestly prepared his SASFA and transferred or concealed assets with the intent to hinder or defraud creditors, particularly Melancon, including his Chapter 7 Trustee and this Court.

## CONCLUSION

The Court considered the Motion and the record in this case. Based upon the facts before the Court in this case and upon the allegations which, not having been denied, are deemed admitted under the Bankruptcy Rules and Federal Rules of Procedure, the Court concludes that, in this matter, the objecting party has succeeded in establishing a prima facie case based upon the grounds recited under § 727, thus the burden shifted to the debtor and the Debtor has failed to respond timely. *In re Hawley*, 51 F.3d 246, 249 (11th Cir.1995); *In re Townsley*, 195 B.R. 54, 64–65 (Bkrtcy.E.D.Tex.1996). Summary judgment is appropriate under the circumstances insofar as there is no fact that the Debtor can bring forward that will effect the outcome of this judgment; summary judgment shall be granted. An order will be entered accordingly.

**5.** This Court reiterates its belief (as stated in *In re Park*) that it "acknowledges that amendments to a debtor's schedules are to be liberally allowed when required in the interest of justice. *In re Seeley Tube & Box Co.*, 219 F.2d 389 (C.A.N.J.1955), *cert. denied* 350 U.S. 821, 76 S.Ct. 46, 100 L.Ed. 734 (1955). *See also* Federal Rule of Bankruptcy Procedure 1009." *In re Park*, 246 B.R. 837, 841 (Bkrtcy. E.D.Tex.2000).

**6.** *Cert. granted and judgment aff'd in United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).